**Date Signed:**
**January 13, 2021**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>PETER JAMES LANDON,<br>Debtor. | Case No. 17-01289<br>(Chapter 7)<br><br><u>Hearing</u><br><br>Date: October 27, 2020<br>Time: 9:30 a.m.<br>Judge: Hon. Robert J. Faris<br>[Dkt. # 59] |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER DENYING IN PART AND GRANTING IN PART ELIZABETH GILLETTE'S MOTION RE: DISTRIBUTION OF NET SALES PROCEEDS FROM THE SALE OF 172 HIWALANI LOOP**

An evidentiary hearing (the "Evidentiary Hearing") on the *Motion for Evidentiary Hearing Regarding Distribution of Net Sale Proceeds Seeking (1) Equitable Credits for Herself, (2) Denying Any Credits for Debtor Peter James Landon Whatsoever Based on His Bankruptcy Fraud, and (3) Objecting to Alleged Standing of Mortgagee Planet Home Lending, LLC and Any Claim of It for Net Sale Proceeds*, filed on December 23, 2019, as dkt. #59 by Elizabeth Gillette

82808

("Movant") was held before the Honorable Robert J. Faris, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Hawaii (the "Court") on October 27, 2020.

The Court having taken judicial notice of record of this case and the related Adversary Proceeding no. 18-09990 (the "Adversary Proceeding"), and having received into evidence the *Written Direct Testimony* of Reed Hayes (dkt. #83), Ashley Cusano (dkt. #84), Peter Landon (dkt. #86), and Richard A. Gillette (dkt. #87), the exhibits of PHL (Exhibits PHL-A through PHL-S) submitted as dkt. #76, the exhibits of the Trustee (Exhibits TR-A through TR-T) submitted as dkt. # 80, and having granted the Trustee's *Motion in Limine to Exclude Trial Testimony From Elizabeth Gillette and Any of Her Supporting Witnesses; and Exclude Evidence* (the "MIL") filed as dkt. # 90, hereby makes the following Findings of Fact and Conclusions of Law:[1]

I.  **FINDINGS OF FACT**

1. On December 19, 2011, a Limited Warranty Deed (the "Deed") was recorded in the Land Court for the State of Hawaii (the "Land Court") as

---

[1] The findings and conclusions set forth herein, constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure ("FRBP"), made applicable by FRBP Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. The orders entered herein constitute the Court's judgment pursuant to FRBP Rule 7054, made applicable by FRPB Rule 9014.

U.S. Bankruptcy Court - Hawaii   #17-01289   Dkt # 117   Filed  01/13/21   Page 2 of 12

Document No. T-8022146 transferring title to certain residential property located at 172 Hiwalani Loop, Makawao, Island of Maui, Hawaii (the "Property") to Richard Allan Gillette ("Rick") and Movant (as husband and wife) and the Debtor, as joint tenants.

2. Rick, Movant and the Debtor (collectively, the "Owners") purchased the Property for $399,900.00. To finance the purchase of the Property, Rick and the Debtor obtained a loan in the original principal amount of $389,762.00 (the "Loan") from Flagstar Bank, FSB ("Flagstar"). To evidence the Loan, Rick and the Debtor (but not Movant) signed a promissory note (the "Note") in favor of Flagstar.

3. As security for the Note, the Owners signed a Mortgage (the "Mortgage") in favor of which was recorded as Land Court Document No. T-8022147 in the Land Court for the State of Hawaii on December 19, 2011.

4. Flagstar endorsed the Note to Selene Finance LP, which in turn negotiated the Note over to PHL pursuant to a Note Allonge.

5. An Assignment of the Mortgage dated May 15, 2018, was recorded as Land Court Document No. T-10375141 in the Land Court for the State of Hawaii on May 29, 2018.

6. PHL is in possession of the originals of the Note and the Note Allonge. PHL is also the Mortgagee of record.

3

7. The Property contains a two-story main residence and a separate "Ohana" unit. During all relevant periods, Movant occupied the upstairs portion of the residence and the Debtor occupied the Ohana unit.

8. During all relevant periods, the monthly loan service payments on the Note ranged from approximately $2,200.00 to $2,500.00.

9. From the beginning, the Owners orally agreed that the Debtor would contribute $700.00/month and Movant and Rick would each contribute $900.00/month towards the Loan service payment.

10. In 2014, Rick moved to Colorado to receive treatment for a work-related injury and never moved back to the Property due to the divorce between Movant and Rick. However, Rick continued to contribute monthly to service the Loan until about October, 2015.

11. On March 31, 2015, the Family Court in the Second Circuit for the State of Hawaii (the "Family Court") entered a judgment of divorce (the "Divorce Decree") ending the marriage of Rick and Movant. The Divorce Decree required Rick to make Movant's prospective share of the monthly Loan service payment, and further provided that upon the sale of the Property, Rick and Movant's share of the sale proceeds (two-thirds) should be divided equally as between Rick and Movant.

12. The Owners listed the Property for sale in 2015, and by late September 2015, had received three offers for the Property, including an all-cash offer of $550,000.00. Movant refused to accept any of the offers and unilaterally cancelled the listing agreement for the Property in October, 2015.

13. From 2016 to 2017, the two downstairs rooms in the residence were sporadically rented by the Debtor to generate additional income. When rented, each room generated approximately $700.00 per month in rents, for a total of $1,400.00 per month. The rental income was used to service the Loan.

14. The Debtor regularly contributed $700.00 monthly towards the Loan service payments until approximately June, 2017, when the Loan went into default.

15. From November, 2015 through June, 2017, a total of $52,721.21, was paid to PHL to service the Loan. Of this total, Movant contributed $7,400.00, and at least $5,195.00 came from tenant rents. The balance came from the Debtor.

16. In early 2017, Rick and Movant orally agreed to sell their share of the Property to the Debtor for $395,000.00. If consummated, the transaction would have paid off the Loan, and left approximately $100,000.00 to be divided between Rick and Movant. However, in April 2017, after the Debtor obtained a loan commitment to purchase the Property, Movant reneged on the oral agreement.

17. In around May, 2017, Rick filed a motion for post-decree relief in the Family Court, requesting temporary relief to allow the Debtor to rent the rooms, to help Rick pay his share of the Loan.

18. At a hearing on June 23, 2017, the Family Court granted Rick's motion, authorized the Debtor to rent the two downstairs rooms, and ordered Movant to cooperate with the rental process, and not create problems for the renters.

19. On September 26, 2017, the Family Court entered an order on the motion for post-decree relief ("Post-Decree Order").

20. The Post-Decree Order:

(a) Requires Rick to reimburse Movant for all Mortgage payments she made from April 1, 2015 through September 26, 2017, which the Family Court determined is $7,400.00.

(b) Makes Rick responsible for 2/3 of future Mortgage payments effective as of October 1, 2017.

(c) Requires rental income to be applied toward the Mortgage, and not counted as an out of pocket payment by either party.

(d) Requires Movant to contemporaneously send Rick proof of payment for each mortgage payment she makes post-October 1, 2017, for

U.S. Bankruptcy Court - Hawaii   #17-01289   Dkt # 117   Filed 01/13/21   Page 6 of 12

which such evidenced payments Rick shall reimburse her at closing prior to distribution of net proceeds.

21. The Post-Decree Order also provides: "the parties agree that they will do everything they can to expedite the sale of the property without delay."

22. Starting July, 2017, Movant interfered with the Debtor's efforts to rent the downstairs of the residence. For example, she locked the Debtor out of the residence and refused to provide the Debtor with a key to the residence. Unable to rent the two rooms, the Debtor could not generate additional income to make the monthly Mortgage payments in full.

23. On June 9, 2017, Movant filed a Statement of Claim against the Debtor in the Small Claims Division of the District Court of the Second Circuit, Wailuku Division, for the State of Hawaii ("Small Claims Court") seeking the reimbursement for utilities.

24. At a hearing held on July 3, 2017, the Small Claims Court dismissed Movant's claim without prejudice.

25. On December 17, 2017, the Debtor filed a voluntary petition for relief under chapter 7 of the U.S. Bankruptcy Code (11 U.S.C. §§101 et seq.) in the Court, commencing this case (the "Bankruptcy Case").

26. Richard A. Yanagi is the duly appointed Trustee in the Bankruptcy Case.

27. In March 19, 2018, the Trustee commenced the Adversary Proceeding against Movant, Rick and others by filing a Complaint to sell Rick and Movant's co-ownership interest in the Property under 11 U.S.C. § U.S.C. 363(h).

28. On October 1, 2018, the Court entered Judgment by Default against Rick in the Adversary Proceeding.

29. On December 21, 2018, the Trustee filed a *Motion for Summary Judgment* against Movant in the Adversary Proceeding.

30. On January 18, 2019, the Court granted the Trustee's *Motion for Summary Judgment* and entered an Order and Judgment on February 14, 2019, in the Adversary Proceeding.

31. On September 9, 2019, the Trustee filed a *Motion to Sell Property Free and Clear of Liens Under Section 363(f)* (the "Sale Motion") to William Darrah and Krissandra Darrah for $680,000.00 in the Bankruptcy Case.

32. On November 6, 2019, the Court entered an *Amended Order Granting [Sale Motion]*.

33. The sale of the Property closed on or about November 8, 2020. After paying closing costs and $16,433.33 in HARPTA withholding for Rick's share, $620,860.91 (the "Funds") which were in escrow at First American Title Company, Inc. until being turned over to the Trustee pursuant to the Court's

*Order Approving Trustee's Settlement Agreement With Planet Home Lending, LLC*, entered herein on November 24, 2020

34. On December 23, 2019, Movant filed the Motion herein requesting an evidentiary hearing to determine, among other things: (1) the validity and enforceability of PHL's Note and Mortgage, (2) an additional $155,785.00 in credits that she was allegedly entitled to from the Funds, and (3) allegations of bankruptcy fraud against the Debtor.

35. On January 13, 2020, the Trustee filed a response to the Motion and submitted the declaration of Allison A. Ito, who had reviewed the Note and Allonge in the possession of PHL's Hawaii counsel.

36. On June 25, 2020, the Court entered an *Amended Scheduling Order for Evidentiary Hearing to Determine Distribution of Sale Proceeds*. The Amended Scheduling Order set, among other dates, October 27, 2020 at 9:30 a.m. for the Evidentiary Hearing, and a deadline of 28 days before the Evidentiary Hearing (e.g., September 29, 2020) for Movant to file a witness list, written direct testimony in support of her case-in-chief, a list of exhibits and the exhibits themselves.

37. On September 1, 2020, PHL filed a secured proof of claim in the Debtor's Bankruptcy Case.

38. On September 29, 2020, PHL filed a witness list, exhibit list, exhibits PHL-A through PHL-S.

39. On September 29, 2020, the Trustee filed a witness list, exhibit list, exhibits TR-A through TR-T.

40. On October 13, 2020, PHL filed the Written Direct Testimony of Reed Hayes and Ashley Cusano, and its Updated Witness List.

41. On October 13, 2020, the Trustee filed the Written Direct Testimony of Peter Landon and Richard A. Gillette, the Trustee's Trial Brief, Objections to Elizabeth Gillette's Late-Filed Exhibits and Declarations, and the MIL.

42. Movant failed to file a witness list, any written direct testimony, a list of exhibits, or a trial brief prior to the Evidentiary Hearing.

## II. <u>CONCLUSIONS OF LAW</u>

43. The Court has jurisdiction over the Bankruptcy Case pursuant to 28 U.S.C. §§ 157 and 1334.

44. The determination of the distribution of the net sales proceeds from the Property is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

45. Venue is proper before the Court pursuant to to 28 U.S.C. §1408.

46. The Note is secured by the Mortgage and the Note and Mortgage are valid and enforceable.

U.S. Bankruptcy Court - Hawaii   #17-01289   Dkt # 117   Filed 01/13/21   Page 10 of 12

47. For the period December 19, 2011 through November 8, 2019 (the date the Property was sold), the Mortgage was valid first priority lien against the Property. The Mortgage attached to the Funds.

48. The parties agreed that the Debtor would be responsible for 1/3 of the Loan. The net sales proceeds should be split into two pots: 1/3 to the Estate, and 2/3 to Richard Gillette and Elizabeth Gillette.

49. The Debtor paid $22,755.59 more than his 1/3 share of the Loan. The excess mortgage contribution constitutes a lien against Richard Gillette and Elizabeth Gillette's interest in the property payable before the division of the sale proceeds amongst the parties.

50. Co-tenants have a right of contribution; however, such right is not limitless. Only amounts necessary for the acquisition, renovation or maintenance of the property are subject to this right of contribution. Amounts paid for utilities (*e.g.*, electricity, water, telephone, and internet), supplies, travel, moving expenses, and similar items are not necessary for the acquisition, renovation or maintenance of the Property. *See In re Fordiani*, 2014 WL 1513420 (Bankr. D. Haw. 2014).

51. Movant has the burden of proof on her claim for additional contribution from the other Owners but Movant has failed to sustain her burden.

52. Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

53. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the *ORDER DENYING IN PART AND GRANTING IN PART ELIZABETH GILLETTE'S MOTION RE: DISTRIBUTION OF NET SALES PROCEEDS FROM THE SALE OF 172 HIWALANI LOOP*.

**END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW**

APPROVED AS TO FORM:

/s/ Alex C. Schulz
Alex C. Schulz
Counsel for Planet Home Lending, LLC

**SUBMITTED BY:**
CHOI & ITO
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com
aito@hibklaw.com

Attorneys for Richard A. Yanagi, Chapter 7 Trustee